Nov. Term,
1858.

BOFFANDICK *v.* RALEIGH.

BOFFANDICK
*v.*
RALEIGH.

A promissory note or a due-bill is *prima facie* evidence of a settlement of all accounts between the parties up to its date.

Where a note is given to a member of a firm, it may be shown to have been given for a balance on settlement with the firm.

Instructions correct as far as they go, cannot be objected to on appeal for an omission which might have been supplied by the appellant on motion in the Court below.

Wednesday,
November 24.
APPEAL from the *Vanderburgh* Court of Common Pleas.

DAVISON, J.—*Boffandick* was the plaintiff, and *Raleigh* the defendant.

The complaint contains two paragraphs. The first charges the defendant, as surviving partner of the firm of *M. & W. Raleigh,* for money loaned and for goods sold and delivered. The second alleges that the defendant, individually, was indebted to the plaintiff for goods and *Indiana* state stock money sold and delivered.

The answer contains six paragraphs—1. A general denial; 2. That on the 4th of *December,* 1854, the plaintiff and the firm of *M. & W. Raleigh* had a settlement of their accounts, &c., up to that date, upon which it was found that there was due from the plaintiff to said firm 137 dollars, and that the plaintiff on that day gave his promissory note to *Walter Raleigh,* one of the firm, for the above amount. The remaining paragraphs make no point in the case presented for our consideration.

There was a reply in denial of the second paragraph.

Verdict in favor of the plaintiff for 181 dollars. New trial refused and judgment. The plaintiff appeals to this Court. For error, it is assigned—1. That the Court in its charge misinstructed the jury; and 2. That the Court erred in refusing a new trial.

The evidence, so far as it relates to the case made by the complaint, tends to prove certain items of account against the defendant as surviving partner, amounting to 405 dollars, and against him for his separate debt, to 406 dollars—in the aggregate amounting to 411 dollars. And

the plaintiff having rested, the defendant, in support of his second defense, produced *Richard Raleigh*, who testified as follows: "*Boffandick* told me [witness] that *Maurice Raleigh* was owing him. I wrote to *Maurice*, who resided in *Philadelphia*, about the indebtedness; but he paid no attention to my letters. Before I went to *Philadelphia*, which was in *April*, 1855, I requested *Boffandick* to furnish me his account, and told him I would insist on *Maurice* paying it. *Boffandick* made out and gave the account to me. He said the due-bill for 137 dollars, which I showed him, was all right. We were talking about the general account of *M. & W. Raleigh* with *Boffandick*. Upon my return from *Philadelphia*, I told *Boffandick* that *Maurice Raleigh* said he would settle with him as soon as he would convince him (*Maurice*) that *Walter Raleigh* had got the proceeds of a certain 975 dollars draft. *Boffandick* replied that *Rathbone*, cashier of the branch bank, would explain that. *Boffandick* told me, further, that he had settled with *Walter* for the draft; that that settlement had nothing to do with the present bill. He had settled for the draft outside of the claim now in suit. *Walter Raleigh* was in the habit of taking notes due the firm in his own name. *Boffandick* said the due-bill was all right. He said nothing about it being a firm transaction, but I believe it was. It was treated as such."

The due-bill referred to was then given in evidence. It reads thus:

"Due *W. Raleigh* one hundred and thirty-seven dollars, for value received. $137. *Evansville, December* 4, 1854. [Signed] *J. H. Boffandick.*"

The Court (the evidence being closed) gave the following instructions:

"1. This is an action upon an account, to which the defendant has set up several defenses, one of which was a settlement. If the jury believe that there was a settlement between plaintiff and *M. & W. Raleigh*, they will not take into consideration any item accruing to the parties prior to such settlement.

"2. A note or due-bill is *prima facie* evidence of a set-

Nov. Term, 1858.

BOFFANDICK
v.
RALEIGH.

tlement between the parties; but it may be shown by other evidence that such was not given on settlement, or that unsettled accounts existed when the same was given.

"3. Before the jury can examine whether the due-bill imports a settlement, they must believe that the same, though given to *Walter Raleigh*, was given in a firm transaction.

"4. If the jury believe that a settlement was not made, they will examine the bill of particulars, and allow the plaintiff for such items as he has proven. They will then allow defendant for such an amount as he shall have proven, and if the items proven by plaintiff exceed those proven by defendant, find for plaintiff for the difference; but if defendant's items exceed plaintiff's, they will find for defendant for the difference.

"5. If the jury believe that there was a settlement, they will examine the account accruing after the settlement, according to the rules above stated, and find for the party in whose favor the balance is found, for such balance."

Under these instructions the jury, in making up their verdict, no doubt regarded the due-bill as a settlement of the account against the defendant as surviving partner. This, it is contended, was erroneous, and it is the main ground upon which the appellants seek a reversal of the judgment. The rule is, that where one party gives the other a promissory note, it is *prima facie* evidence of a settlement between them up to the date of the note. But in this instance, the note, on its face, purports to have been given to an individual member of the firm of *M. & W. Raleigh*, and not to the firm itself. Still it was competent for the defendant to show that the note, though executed to *Walter Raleigh*, was given to him for a balance due *M. & W. Raleigh*, on settlement with that firm. As we have seen, it was testified that *Walter Raleigh* was in the habit of taking notes due the firm in his own name. *Boffandick* admitted the due-bill was right. He said nothing about its being a firm transaction. Witness believed it was—it was treated as such. From this evidence, it seems to us, the jury were authorized to find that the note

was given for a balance due the firm. At all events, they have so found, upon evidence which it was their duty to weigh, and we are not inclined to disturb their conclusions.

Nov. Term, 1858.

THE BANK v. THE CITY OF N. ALBANY.

But it is said that the instructions are erroneous because they leave entirely out of view the twofold character of the complaint, and contemplate only an action upon an account against the firm. It is true, they relate almost exclusively to the first paragraph of the complaint—to the account against the firm—but so far as they go they are not objectionable, and they are, in our opinion, sufficiently plain to induce the conclusion that the jury were not misled by them. Moreover, it was competent for the plaintiff to have moved an instruction that would have informed the jury specifically as to the account individually against the defendant; and having failed to do so, we think the ground assumed against the instructions is not tenable. We perceive nothing in the evidence or charge of the Common Pleas that would authorize this Court to reverse the judgment.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. G. Jones*, *J. E. Blythe*, and *J. J. Chandler*, for the appellant.

*C. Baker*, for the appellee.