## PIERCE ET AL. *v.* BAIRD.

PLEADING.—*Certainty in.*—If, in a complaint to recover for personal services, the date at which they were rendered is not definitely stated, the remedy is by motion to make the complaint or the bill of particulars more specific.

From the Tippecanoe Circuit Court.

*R. P. Davidson* and *J. C. Davidson*, for appellants.

*J. H. Adams* and *S. P. Baird*, for appellee.

· DOWNEY, J.—This was an action by the appellee against the appellants, and there was judgment in the circuit court for the plaintiff.

Two errors are assigned in this court:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That there is no valid or sufficient judgment against the defendants.

The last alleged error might be a good reason why the appeal to this court should be dismissed, since it is not easy to see why the appellants should be clamoring and seeking to reverse a judgment which has no validity. We will treat it, however, as a mere makeweight, and consider the other alleged error.

The complaint is as follows, omitting the usual commencement:

" The plaintiff complains of the defendants, and says that the defendants are indebted to him in the sum of three hundred dollars, for personal services rendered by the plaintiff to the defendants, the particulars of which are set forth in an account herewith filed, which said sum is due and unpaid, for which the plaintiff demands judgment."

The complaint is signed by the attorneys of the plaintiff. The bill of particulars is as follows:

" George Pierce and John W. Jamison,

" To Zebulon Baird, Dr. :

" To legal services rendered in the April and October terms of the Tippecanoe Circuit Court, in the case of themselves v. John Doffin and others, to set aside a fraudulent mortgage, two hundred dollars ($200.00)."

It is said in the brief of counsel for appellants, that " the complaint is wholly insufficient, in its statement of parties, time, services, kind of services, date, etc." We think there is no merit in these objections. If the date at which the services were rendered should have been more definitely stated in the bill of particulars, a motion would have been the appropriate remedy.

The judgment is affirmed, with ten per cent. damages and costs.