# JONES *v.* THE STATE.

CRIMINAL LAW.—*Instruction —Grand Larceny.— Value of Property.*—On the trial of a defendant indicted for grand larceny, where the value of the property is clearly proved, so as to preclude any question whether the crime is grand or petit larceny, it is not necessary to instruct the jury specially, as to the value of the property.

SAME.—*Instruction.*—An instruction which states the law correctly, as far as it goes, will not be held erroneous for not stating other propositions of law applicable to the case, there being no special request for further instructions, unless the instructions already given are left in such form as to mislead the jury as to the whole law applicable to the case.

SAME.—Where an instruction in a criminal cause expressly informs the jury that they cannot convict, unless the guilt of the defendant is proved beyond

a reasonable doubt, a failure to use the same language in another instruction will not be error.

SAME.—*Possession of Stolen Property.*—The law imposes upon one who is found in the exclusive possession of property recently stolen the duty of accounting for or explaining how he came into possession of such property, and his failure, when required to speak, to give a satisfactory account of how he came into possession, or the giving of a false account, raises a presumption that such person is the thief. This presumption may be overcome by direct evidence showing that the person accused honestly came into possession, or by the attending circumstances, or by the good character and habits of life of the accused.

SAME.—*Evidence.*—Where a person having stolen property in his possession bases his defence upon the ground that he purchased the property alleged to have been stolen, of a stranger, and paid him therefor in cash, evidence showing that the accused actually had the money to pay for the property is admissible.

From the Hancock Circuit Court.

*H. J. Dunbar* and *J. New*, for appellant.

*C. A. Buskirk,* Attorney General, for the State.

BUSKIRK, J.—The appellant was convicted of grand larceny. The error assigned calls in question the action of the court in overruling the motion for a new trial.

It is claimed that the first and second instructions were erroneous. They are as follows:

" 1. In order to a conviction of the defendant in this case, the State must have proved to your satisfaction, that within two years before the finding of the indictment, and in the county of Hancock and State of Indiana, the defendant did feloniously steal, take, and drive away the hogs, or some one or more of them, as alleged in the indictment, and that said hogs were the property of James C. Hank, as alleged."

Two objections are urged to the above instruction. First, that it ignores the value of the hogs. Second, that the jury were directed that they might convict if the facts stated were proved to their satisfaction; when they should have been instructed that they could not convict unless the facts were proved " beyond a reasonable doubt."

It is unquestionably true, that the appellant could not have been convicted for grand larceny, unless it was proved that

the hogs stolen were of the value of five dollars or more, or of petit larceny, unless the hogs stolen were shown to be of some value.

The value of the hogs alleged in the indictment to have been stolen was fully proved, and their value was such as to preclude any question as to whether it was grand or petit larceny. The instruction was correct, as far as it went, and if the appellant desired it to be more specific, he should have prepared an instruction covering the point. *Boffandick* v. *Raleigh,* 11 Ind. 136.

There was no controversy in the court below about the value of the hogs. The evidence of the prosecuting witness and appellant showed the value. The only question was, whether the appellant had purchased or stolen the hogs. The fifth instruction expressly informed the jury that they could not convict unless the guilt of the defendant was proved beyond a reasonable doubt. The two, taken together, were right.

We think the appellant was not injured in his defence by the instruction given.

The second instruction reads as follows:

" 2. If you find, from the evidence, that the hogs of James C. Hank had been feloniously stolen, and that recently afterward said hogs were found in the exclusive possession of the defendant, such possession unaccounted for or explained by the defendant would raise a presumption of his guilt ; but such presumption of guilt may be explained away or repelled by opposing circumstances, such as unsuspicious conduct connected with the possession."

It is insisted, that the second instruction is erroneous, because it imposed on the appellant the duty of accounting for or explaining the possession of the stolen property ; and because it restricted and limited the modes in which the presumption arising from the exclusive possession of goods recently stolen might be overcome or repelled.

The law imposes upon one who is found in the exclusive possession of property which has been recently stolen, the duty of accounting for it, or explaining how he came into pos-

session of such property ; and his failure, when required to speak, to give a satisfactory account of how he came into possession, or the giving of a false account, raises a presumption that such person is the thief.  This presumption is not conclusive, but may be repelled or overcome in several ways :

First.  By direct evidence showing that the person accused honestly came into possession of the stolen property—as that he in good faith purchased the property, or took it in pledge, or that it was deposited with him for safe keeping, or that it was placed in his apparent possession without his knowledge or procurement, and the like.

Second.  Such presumption may be excluded or overcome by the attending circumstances, such as the open and notorious possession of the property, and unsuspicious conduct of the accused in reference to the possession, use, and claim of ownership of such property.

Third.  Such presumption may be explained away or repelled by the good character and habits of life of the accused.

If the direct evidence, or attending circumstances, or character and habits of life of the accused are sufficient to raise in the minds of the jury a reasonable doubt as to the guilt of the defendant, he should be acquitted.  But if the possession of the stolen property is not explained in some of the modes above indicated, so as to establish the innocence of the accused, or create a reasonable doubt as to the guilt of the accused, the presumption becomes conclusive.  *Clackner* v. *The State*, 33 Ind. 412 ; *Smathers* v. *The State*, 46 Ind. 447, and authorities cited.

The instruction under examination correctly states the presumption, but it is too narrow and restricted in stating the modes in which the presumption may be repelled or explained away.  The instruction limits the explanation to " opposing circumstances," and the illustration given further restricts the " opposing circumstances " to " unsuspicious conduct connected with the possession."

This excluded from the consideration of the jury the direct

evidence as to the purchase of the hogs, and the effect of good character and habits of life of the accused.

An instruction which states the law correctly, as far as it goes, will not be held erroneous for not stating other propositions of law applicable to the case, there being no special request for further instructions, unless the instructions already given are left in such form as to mislead the jury as to the whole law applicable to the case. *Hill* v. *Newman,* 47 Ind. 187.

We think the second instruction does not fully and correctly express the law applicable to the facts of the case, and hence was erroneous.

It is also claimed that the court erred in the exclusion of competent and material evidence, the attention of the court below having been called to the particular evidence objected to in the motion for a new trial. The appellant based his defence upon the ground that he had purchased the hogs alleged to have been stolen from a stranger and paid him therefor in cash forty-five dollars. The appellant testified in his own behalf. His testimony was, in substance, that he had been engaged for several years, in a small way, in the purchase of stock, and especially hogs ; that he was returning from Indianapolis to Greenfield, the place of his residence, on the cars; that while conversing with an acquaintance on the cars about stock, a stranger proposed to sell him some hogs, which he said were near Philadelphia, in Hancock county ; that he and the stranger got off the cars at Philadelphia, and went into the country one and a half miles to an inclosed woods-pasture, where the stranger showed him thirteen head of hogs, which he claimed to own ; that he purchased such hogs of the stranger and paid him therefor forty-five dollars; that he went to his home that night, but returned two days afterward and drove the hogs on the public highway to Greenfield, and drove them through the most public street in said town in broad daylight to his pens ; that on the next day he sold the hogs to several persons in Greenfield ; that he did not inquire the name of the stranger, because he had no memorandum book with him

in which to enter his name; that the stranger gave as a reason for wanting to sell the hogs that he was going to move to Lafayette, but he had not inquired and did not know whether he had moved or not.

The cross examination was quite thorough and searching, and very strongly tended to show that the appellant was a man of small means. When the owner of the hogs called upon the appellant he gave him the same version of the transaction that he testified to on the trial, and had consistently adhered thereto. The failure of the appellant to produce the acquaintance with whom he was conversing on the cars when the stranger proposed to sell him some hogs, and to ascertain whether the stranger had removed, were well calculated to weaken the force of his testimony; but the reasonableness of his story and the weight due his evidence were questions for the jury.

Upon his re-examination, he was asked to state where and when he procured the money which he paid for the hogs, and upon objection being made, his counsel stated that he proposed to prove that appellant had, on the day before he purchased the hogs, sold a cow and received therefor the money which he paid for the hogs, but the court excluded the evidence.

The evidence offered and excluded would not have been, if admitted, entitled to much weight, but we cannot say it was wholly immaterial. The appellant, from the start, claimed that he had purchased the hogs, and had consistently adhered to such statement. It was abundantly proved by several witnesses that the appellant had driven the hogs to his home over the public highway in daylight, and had driven them through the most public street of Greenfield, in the view of its citizens, and had on the next day openly and publicly driven the hogs to different persons and sold them. The fact that he actually had the money to pay for the hogs, when considered in connection with the unsuspicious circumstances above stated, might have had some influence with the jury. We think it should have been admitted.

The judgment is reversed; and the cause is remanded for

a new trial, in accordance with this opinion. The clerk will give the necessary notice for the return of the prisoner.