Chamness *v.* Chamness.

————————•————————

## CHAMNESS *v.* CHAMNESS.

PLEADING.—*Bill of Particulars.—Waiver.—Evidence.*—When an answer is not accompanied by a bill of particulars, the plaintiff, by failing to demur or to move for a bill of particulars, waives objection to the fact that no bill of particulars accompanies the answer; and on the trial, such fact cannot constitute a reason for sustaining an objection to a question propounded to a witness by the defendant.

RECORD.—*Bill of Exceptions.—Exclusion of Evidence.*—The ruling of a court upon the trial of an action, in refusing to permit a question to be answered by a witness, will not be reviewed by the Supreme Court, where the record does not show the particular facts which it was proposed to elicit by the question.

EVIDENCE.—*Expert.—Value of Board.*—The fact that a witness who testifies to the value of board is not an expert cannot constitute an objection to his evidence.

SAME.—*Hypothetical Question.*—Where, on the trial of an action, the value of services rendered by one of the parties for the other, in boarding and taking care of certain persons, was in issue, it was not error to admit, over objection, the answer of a witness to a question asking what such services would be worth under supposed circumstances stated, there being evidence tending to prove the existence of such circumstances.

INSTRUCTION TO JURY.—*Contract.—Quantum Meruit.*—On the trial of an action, the court refused to instruct the jury, at the request of the defendant, that there could be no recovery under the complaint, which

was a common count for services rendered, if there was a contract between the plaintiff and the defendant that such services should be performed by the plaintiff, and that he was to take his pay in the real estate of the defendant when the latter was "done with it."

*Held*, that there was no error in refusing the instruction, as it did not show sufficiently that it was based on an executory contract subsisting at the time; and if, as evidence introduced tended to prove, the defendant was "done with" his real estate, and had refused to make payment under the contract, before suit, the plaintiff might recover under such complaint.

SAME.—*Evidence*—It is error for a court, on the trial of an action, to instruct the jury as to the weight of evidence before them.

SAME.—*Request to Instruct More Fully.*—Where an instruction given to a jury is correct as far as it goes, a party desiring that the jury should be more fully instructed should request an instruction embracing his views, and it will not avail him to object that such instruction given does not sufficiently state the law.

From the Henry Circuit Court.

*Brown & Brown* and *R. L. Polk*, for appellant.

*M. E. Forkner* and *E. H. Bundy*, for appellee.

BIDDLE, J.—Complaint by David Chamness, the appellee, against Nathan Chamness, the appellant, on a *quantum meruit* count, for board, washing, care, diligence, labor, etc., for the support and maintenance of Nathan Chamness, his wife and daughter, with a bill of particulars rendered. Answer:

1. General denial.

2. Payment.

3. Set-off, for "boarding, clothing, keeping and taking care of plaintiff and his family, consisting of his wife and three children."

4. Set-off, "that the plaintiff is indebted to him in a large sum, to wit, in the sum of two thousand seven hundred and fifty dollars, upon account, a bill of particulars of which is filed herewith," etc.

Reply in denial, to the second, third and fourth paragraphs of answer. Trial by jury, verdict for appellee. Motion for a new trial overruled, exception taken, judgment, and appeal to this court.

1. An exception was taken to the excusing of a juror of the regular panel by the court, because he had served as a juror within the past year; but the question is not very seriously discussed by the appellant, and we can discover no error in the ruling.

2. At the proper time, the appellant introduced Henry Reynolds, a competent witness, and put to him the following question:

"State what you know, if anything, of David Chamness' getting poplar timber off of his father's farm, within the last three years, and selling it to you, and getting the money himself for it."

An objection was made to this question by the appellee, and sustained by the court, "for the reason that no bill of particulars accompanied the answer." The appellant excepted to the ruling of the court. The reason given for sustaining this objection is not sufficient. There was no demurrer to the answer, nor did the appellee move for a bill of particulars. These objections were therefore waived. *Hanna* v. *Pegg*, 1 Blackf. 180; *Davis* v. *Jenkins*, 14 Ind. 572; *Board of Comm'rs, etc.* v. *Ford*, 27 Ind. 17; *Wolf* v. *Schofield*, 38 Ind. 175; *Pierce* v. *Baird*, 48 Ind. 378; *McClure* v. *McClure*, 19 Ind. 185.

But the error of the court in placing its ruling upon an insufficient reason has not been made available here. It is not shown what evidence was proposed to be elicited by the question asked the witness. It is true, the appellant, in his brief, says, "When we offered this evidence, we informed the court that we expected to follow it by proof that the plaintiff received said lumber as a payment on his account." But, upon diligent search, we are unable to find anything of the kind in the record. When the court below refuses to permit a question to be answered by a witness, the bill of exceptions must show the particular facts expected to be elicited, so that this court may judge of their materiality; otherwise, the error is not available. *Curry* v. *Bratney*, 29

Ind. 195; *Lewis* v. *Lewis*, 30 Ind. 257; *Adams* v. *Cosby*, 48 Ind. 153; *Baltimore, etc., R. R. Co.* v. *Lansing*, 52 Ind. 229.

Objections were sustained to several other similar questions for the same reasons given in the court below, which, for the reasons given here, cannot be made available.

3. The appellant complains, because the court, over his objection, allowed certain witnesses, who were not experts, to testify as to the value of board. There is no error in this. It does not require a knowledge of any particular science, art, or skill, to testify as to the value of board.

4. The appellee put the following question to a witness: "Supposing that the defendant and his wife was" [were] " unable to get to and from the table without help, and had to be helped at the table, and Abigail Chamness was insane, and it was necessary for some one to stay about the house all the time to take care of them; what would it be worth to board them and care for them per week, from October, 1870, to July, 1872?"

The court allowed this question, over the objection of the appellant, to be answered by the witness.

The appellant objects to this ruling, because the question is purely hypothetical, and therefore calculated to mislead the jury. There was evidence before the jury tending to show that " the defendant and his wife" were aged people, and somewhat helpless; and that Abigail Chamness was their daughter, and insane; and that the appellee boarded them while in that condition. We do not perceive, therefore, wherein the ruling was erroneous.

5. The appellant insists that there was evidence before the jury tending to prove a contract between the parties that the appellee was to board the appellant and his family, and take his pay therefor in the real estate of the appellant, after he " was done with it; " and, in this view of the case, the appellant requested the court to give the following instruction to the jury :

"If you find from the evidence that a contract existed between plaintiff and defendant, and that the contract was, that the plaintiff was to stay there and take care of the old people and their daughter, and he was to be paid for it out of the real estate, when the old man was done with it, the plaintiff cannot recover for such care in this action, under his complaint."

The court refused to give this instruction to the jury, and the appellant excepted. The instruction is defective, as being applicable to the case assumed, because it does not show that "the old man was not done with his real estate;" in short, it does not sufficiently show that it was based on an executory contract subsisting at the time. For aught that appears by the instruction, "the old man" might have been "done with his real estate," and refused to make payment under such a contract, before the commencement of the suit—and there is evidence in the case tending to prove these facts—if so, then the appellee might recover on the common count, as stated in his complaint. For these reasons, we think the court committed no error in refusing the instruction.

Another similar instruction was asked and refused, but need not be particularly noticed, as it rests upon the same principle just decided.

6. The appellant requested the court to give the following instruction to the jury:

"If you find from the evidence that the defendant told persons, other than the plaintiff or members of his family, while he was living with the plaintiff, that the plaintiff was taking good care of him, that he liked to live with him, and that he wanted him well paid for it, and that he intended to pay him, and that he intended the plaintiff should have the farm, or a part of it, these statements would not be sufficient to entitle the plaintiff to recover in this action, unless you find that there was a contract between the plaintiff and

defendant that the plaintiff was to be compensated for his services."

The court refused this instruction, and we think very properly. It amounts to instructing the jury as to the weight of evidence, which would be wrong under any circumstances.

7. The court gave the jury the following instruction:

"If you find that it was agreed and understood between the plaintiff and defendant that the plaintiff was not to be paid for the board and washing charged for in the complaint, and that the board was furnished and washing done by the plaintiff for the defendant with the understanding and agreement between them that the plaintiff was not to be paid for or receive anything therefor, then the plaintiff cannot recover for the same. But if it was agreed and understood between them, at the time the board and washing was" [were] "done and furnished, that the plaintiff was to be paid for the same, then he would be entitled to recover whatever the same were reasonably worth."

To the giving of this instruction the appellant excepted, and insists that, as the evidence tends to show that the parties lived together as one family, no implied contract would arise out of the facts which would entitle the appellee to recover for the board and services charged; that he could recover only upon an express agreement; and that, therefore, the charge is erroneous, or, at least, calculated to mislead the jury from the true issue in the case. Admitting that this view of the appellant is correct (*Smith* v. *Denman*, 48 Ind. 65), we cannot see that the instruction is erroneous. It might have been expressed in other words, giving the view insisted upon by the appellant more clearly; or the appellant might have requested an instruction embodying his views, and thus have raised the question; but we think the instruction, as far as it goes, is correct, and therefore not erroneous merely because it does not more fully state the law. *Boffandick* v. *Raleigh*, 11 Ind. 136; *Carpenter* v. *The State*, 43 Ind. 371; *Hamilton* v. *Elkins*, 46 Ind. 213.

We have thus examined all the questions discussed on behalf of the appellant by his counsel, and are of opinion that there is no error presented in the record.

The judgment is affirmed, with costs.