BROYLES v. THE STATE, EX REL. DELONG.

BASTARDY.—*Death of Relatrix.*—*Evidence.*—*Affidavit of Mother.*—The affidavit of the relatrix, instituting a prosecution for bastardy, is not competent evidence on behalf of the plaintiff on the trial of the cause in the circuit court, where, on the death of the mother, the child has been substituted as relator.

SAME.—*Recognizance.*—The recognizance executed by the defendant in such prosecution, on being bound over by the justice to appear in the circuit court, is not competent evidence against him.

From the Delaware Circuit Court.

*W. March* and *W. Brotherton*, for appellant.

*J. S. Buckles* and *J. W. Ryan*, for appellee.

BIDDLE, J.—This is a prosecution for bastardy, commenced by the State, on the relation of Isadora Delong, against the appellant, who was adjudged guilty by the justice of the peace, and recognized to answer the charge before the circuit court. In the course of the proceedings, Isadora, the relatrix, died, and the case was subsequently prosecuted by the child, as relator, in the place of the

mother. On trial the appellant was found guilty. He moved for a new trial. His motion was overruled. Under the motion he reserved several questions for our consideration.

At the trial in the circuit court, the prosecution offered in evidence the original complaint in writing, under oath, made by Isadora Delong, before the justice of the peace, which, over the objections and exceptions of the appellant, the court allowed to go to the jury as evidence. This ruling is erroneous. The original complaint·was not any part of " the testimony of the mother " reduced to writing by the justice of the peace, under section 7, 2 R. S. 1876 p. 657, and was improperly admitted as evidence to the jury.

The prosecution also offered in evidence to the jury the recognizance taken before the justice of the peace, requiring the appellant to appear and answer the charge in the circuit court, which was also admitted over the objections and exceptions of the appellant. · This was also error. The admission of the recognizance might have been harmless, and not sufficient ground to reverse the judgment, yet it was improperly admitted. A recognizance made " upon compulsion" can not be held to be a voluntary admission. *McKinsey* v. *Bowman*, 58 Ind. 88.

Judgment reversed, at the costs of the relator; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.