No. 8942.

## LEARY v. MEIER.

LANDLORD AND TENANT.—*Lease.*—*Evidence.*—*Real Estate, Action to Recover.*—In an action to recover real property, brought by a landlord against his tenant before a justice, a lease which purports to have been executed by the latter, and is referred to in the complaint, may be read in evidence without proof of its execution.

SAME.—*Parol Evidence.*—Where a lease fixes the commencement and duration of a term, parol evidence offered to show the time of its termination is properly refused.

SAME.—*Tenancy from Year to Year.*—*Notice.*—*Rent.*—A tenancy from year to year may be terminated by ten days notice to quit for a failure to pay rent, unless such rent is paid at the expiration of such time.

SAME.—*Eviction.*—*Suspension of Rent.*—It is not error to refuse to instruct the jury that an eviction of the tenant by the landlord suspends rent when it appears from the evidence that rent had accrued and remained unpaid before the alleged eviction.

INSTRUCTION.—*Evidence.*—*Practice.*—It is not error to refuse to give an instruction which is not applicable to the case made by the evidence.

SAME.—*Proof of Averments in Different Paragraphs of Complaint.*—Where the complaint consists of more than one paragraph, it is proper for the court to instruct the jury that the burden is upon the plaintiff, and, to entitle him to recover, he must prove by a fair preponderance of the evidence all the material averments in some one of the paragraphs of the complaint. Such an instruction does not inform the jury that proof of one paragraph entitles him to recover on all of them.

SUBPŒNA.—*Service.*—*Witness.*—*Continuance.*—No person other than the sheriff or his deputy is authorized to serve a subpœna, and a party who has not thus subpœnaed his witness, but has served the subpœna himself, is not entitled to a continuance on account of the absence of such witness.

From the Hancock Circuit Court.

*J. A. New* and *C. E. Barrett,* for appellant.

*J. N. Scott,* for appellee.

BEST, C.—This action originated before a justice of the peace, and was brought by the appellee against the appellant to recover the possession of the cellar, first floor and the two rear rooms of the second story of a store building in Indianapolis, held by the latter as tenant of the former, because of the latter's failure, as is averred, to pay rent after ten days

notice. The complaint consisted of three paragraphs. The first and second averred that the cellar and first floor were held under a written lease, a copy of which was filed, and the third was for the recovery of the rear two rooms. A trial was had and the cause appealed to the circuit court. After an issue was formed upon a counter-claim, the venue was changed to the Hancock Circuit Court, where the appellant made an unsuccessful motion for a continuance. The issues were then submitted to a jury, and a verdict returned for the appellee. Over a motion for a new trial, judgment was rendered upon the verdict. From this judgment the appellant appeals, and assigns as error, among others, that the court erred in overruling the motion for a new trial.

This motion embraces many reasons, but we will notice only those noticed by the appellant in his brief:

1st. It is insisted that the court erred in admitting in evidence, without proof of its execution, the lease mentioned in the first and second paragraphs of the complaint.

There was no error in this ruling. The lease purported to have been executed by the appellant, and its execution was not denied by an affidavit before the commencement of the trial, nor by a pleading under oath. It was referred to in the complaint, and in such case it may be read in evidence on the trial without proof of its execution. 2 R. S. 1876, p. 75, section 80.

2d. It is insisted that the verdict is contrary to the evidence, because there was no proof that any rent was due for the two rooms at the time the notice was served.

The record does not support this position. An examination of the evidence shows that the rent for the rooms was payable either monthly or quarterly; that none was paid after August, 1879, and the notice was not served until the 21st of January, 1880. We can not disturb the judgment on this ground.

3d. It is also insisted that "the court erred in refusing to allow the appellant to prove when said lease expired."

This ruling was right. The lease fixed the commencement

and the duration of the term.    It provided that the appellant should hold " for and during the term of one year, with the privilege of five years, from the 4th day of May, 1874." If the appellant had not exercised the privilege of keeping the premises longer than one year, it would have expired at the expiration of that time; but he did exercise such privilege, and the lease expired at the end of five years.    The facts being undisputed, if there was any question about it, that question was for the court, and not for the jury.    There was no ambiguity about the lease at all.    Its duration depended upon whether or not the appellant exercised the privilege of keeping the premises longer than one year, and as he did this, the lease, by its terms, fixed the length of the term.    There was no error in this ruling.

4th.    It is further insisted that the court erred in refusing to instruct the jury, that, if the appellant continued to occupy the premises after the expiration of the lease, without any contract and with the consent of the appellee, the tenancy was from year to year, and could not be terminated by ten days notice to quit for a failure to pay rent.

This instruction was properly refused.    A tenancy from year to year may be terminated by ten days notice to quit for a failure to pay rent, unless such rent is paid at the expiration of such time.    Where the rent is not paid until the expiration of the year, three months notice, in writing, before the expiration of the year is necessary to terminate such tenancy ; but, where the rent is payable before the end of the year, such tenancy, like any other, may be terminated by a failure to pay rent after ten days notice.    2 R. S. 1876, p. 338, sec. 2, and p. 340, sec. 4.

5th.    The court refused to instruct the jury as follows : "An eviction of a tenant by a landlord of rented premises suspends the rent.    The modern doctrine as to what constitutes an eviction is, that actual physical expulsion is not necessary, but an interference with the tenant's beneficial enjoyment of the rented premises will amount to an eviction in law, and when such is the case the rent is suspended."

This instruction was properly refused, because it was not applicable to the case made by the evidence. By the terms of the lease mentioned in the complaint, the rent was payable monthly, in advance. The amount of the rent, by agreement, was afterward reduced from fifty to twenty-five dollars per month. The appellee claimed that no other change was made; while the appellant claimed that a new agreement was made in August, 1879, whereby he leased the premises for three years from that time, at two hundred dollars per year, without any time being specified for the payment of the rent. It was conceded that no rent was paid after August, 1879. The acts which the appellant claimed amounted to an eviction occurred on the 16th of October, 1879, and at that time two months rent, as claimed by the appellee, remained unpaid. An eviction does not forfeit rent already accrued. The rule is thus stated in Taylor's Landlord and Tenant, at section 379 :

"Nor will an eviction from either the whole or part of the demised premises, have any effect upon rent due at the time of the eviction; for the landlord is still entitled to collect whatever rent has accrued, before the tenant actually quit the possession. So, if rent is payable quarterly in advance, an eviction during the quarter, but after the rent becomes due, does not bar an action for rent; the most an evicted tenant can equitably claim under these circumstances, is a deduction for so much of the quarter as elapses after his eviction."

This language is applied to an action brought to recover rent, but it is equally applicable to this kind of action. If an action for rent is not barred by an eviction occurring after the rent becomes due, certainly such tenancy may be terminated by a notice to quit for a failure to pay rent accrued before a partial eviction. Again, as the appellant retained possession of the premises, and refused to surrender them, the most that he could claim from an interference with his beneficial enjoyment was a deduction from the rent equal to the damages sustained. There may have been less than the amount of rent

due, and, if so, the excess of rent was not suspended. There was, we think, no error in refusing to give the instruction.

6th. The appellant complains of the following instruction given by the court: " This is a civil suit, and is to be determined by a preponderance of the evidence. The burden is upon the plaintiff, and, to entitle him to a verdict in his favor, he must have proved by a preponderance of the evidence all of the material averments of some one of the three paragraphs of his complaint."

The third paragraph of the complaint was for the recovery of a part, and the first and second paragraphs were for the recovery of a different part of the same building. These parts were held under separate leases, and the appellant insists that the instruction informed the jury that, if the appellee proved one paragraph of his complaint, he was entitled to recover the whole property. The instruction is not susceptible of such construction. It informed the jury that the appellee could not recover at all without proving the averments of at least one paragraph of his complaint. How much of such property he could recover upon such proof, it did not state. If the appellant was apprehensive that the jury might infer, that, upon proof of one paragraph, the appellee was entitled to recover the whole property, he should have requested the court to instruct the jury, that upon such proof the appellee was only entitled to recover the property embraced in such paragraph. A refusal to thus instruct would have furnished just ground of complaint. The instruction was correct as far as it went, and is not erroneous because it did not go further. *Boffandick* v. *Raleigh,* 11 Ind. 136 ; *Chamness* v. *Chamness,* 53 Ind. 301.

7th. The last ground urged for a reversal is, that the court erred in refusing to continue the cause on account of the testimony of an absent witness.

It appears from the record, that the cause was set for trial on the 18th day of June, 1880, and the appellant at that time moved the court for a postponement of the trial on account of the absence of one John Strain, who had been served with

a subpœna by the appellant. This motion was resisted on the ground that a party has no authority to subpœna his witnesses, and for that reason diligence had not been used to secure the attendance of this witness. The court adopted this view of the law, but postponed the trial until the 28th of June, saying that, while a party has no authority to subpœna witnesses, the appellant, in view of the prevailing practice, may be taken by surprise, and that time would be given to enable him to place a subpœna in the hands of the proper officer and have it served. Another subpœna was taken out, served by the appellant upon the witness, and, upon his failure to attend on the 28th of June, a motion to continue the cause for the term was made on account of the witness' absence. This motion was overruled, and this ruling is the ground of complaint.

The appellee insists that no person other than the sheriff or his deputy has any authority to serve a subpœna, and for that reason diligence was not shown.

Section 229 of the code provides that a summons for witnesses " may be served by the party or any other person, or by the sheriff. The party or any other person than the sheriff, shall not be entitled to fees for the service."

This has been the law since 1852, and is yet, unless changed by the act of March 31st, 1879. This act is an act entitled " An act fixing certain fees to be taxed in the offices, and the salaries of officers therein named ; * * * defining certain duties and liabilities of officers and persons therein named," etc. ; and by the 26th section it is provided, that " The sheriffs of the several counties of the State shall tax and charge the following fees and none other, to wit : * * * For each mile necessarily travelled in going and returning to serve process, 10 cents. * * * For serving each person named in a summons or a subpœna, with mileage as above—all such service must be made by the sheriff or deputy, and his returns endorsed thereon, 35 cents, and for each copy required, 25 cents." Acts 1879, p. 130.

This statute is plain, and needs no construction. By its terms all summonses and subpœnas must be served by the sheriff or his deputy. This requirement seems necessarily to change the rule prescribed by section 329 of the code. By that section the service of a subpœna might be made by the sheriff or any other person, but by the act of March 31st, 1879, such service must be made by the sheriff or his deputy. This would seem to exclude a service by any other person. The appellant insists that the act of 1879 does not change the law as to the service of a subpœna, but it merely authorizes certain fees for service made by the sheriff or deputy ; in other words, it prohibits him from taking fees for the service of a subpœna made by any person other than himself or deputy. We can not adopt this view. The law before did not authorize him to tax fees for any service not rendered by himself or deputy, and the act of 1879 does not change the law in that respect. The change consists in requiring all subpœnas to be served by him or his deputy, and this change so modifies the rule prescribed by section 329 as to prohibit the service of a subpœna by another person. As the law requires a witness to be subpœnaed by the sheriff or deputy, in order to compel his attendance, it follows that the appellant had not used diligence to obtain the testimony of the absent witness, and therefore the motion was properly overruled.

This disposes of all the questions presented. There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the costs of appellant; and, it appearing that the appellee has died since the cause was submitted, judgment is rendered as of the term at which the submission was made.