No. 8817.

## HICKS v. THE STATE, EX REL. MCDONALD.

BILL OF EXCEPTIONS.—*Supreme Court.*—When the reasons for a motion to dismiss a cause do not appear by bill of exceptions, they are not in the record, and the Supreme Court can not review a ruling denying the motion.

CONTINUANCE.—*Witness.—Diligence.—Service of Subpœna.*—While section 26 of the act of 1879 was in force (Acts 1879, Spec. Sess., p. 130), a subpœna

could only be served by the sheriff or his deputy, and, if served otherwise, it was such want of diligence that a continuance for the absence of the witness might be denied.

BASTARDY.—*Justice's Examination of Relatrix.*—*Evidence.*—In a trial for bastardy in the circuit court, neither the sworn complaint filed before the justice of the peace, his warrant or the return thereto, his transcript, or the recognizance given by the defendant, is proper evidence; but it is otherwise as to the sworn examination of the relatrix, signed by her and sent up by the justice with the papers, if she be dead, though it be not attested by the justice.

From the Franklin Circuit Court.

*S. S. Harrell*, *B. F. Claypool* and *J. H. Claypool*, for appellant.

*S. E. Urmston*, for appellee.

BLACK, C.—This was a prosecution against the appellant for bastardy.

In the circuit court, the death of the mother having been suggested, the child was substituted as relator.

Afterward the appellant moved that the cause be dismissed. The motion was overruled.

A motion of the appellant for a continuance having been overruled, the cause was tried without a jury before an attorney of the court appointed to act as judge *pro tempore.*

The finding being against the appellant, he filed his motion for a new trial. This motion was overruled, and judgment was rendered in accordance with the finding. The sum adjudged against the appellant was made payable in instalments to the maternal grandmother of the child.

The appellant has assigned as errors the overruling of his motion to dismiss the cause, and the overruling of his motion for a new trial.

The grounds of the motion to dismiss the action are not shown by a bill of exceptions; therefore they can not be examined by this court. A written motion to dismiss, stating many reasons, is in the transcript, but under the statute prescribing what shall be transcribed as parts of the record for appeal to this court, and the established practice of the court

thereunder, the ruling upon this motion can not be reviewed. *Alspaugh* v. *Ben Franklin, etc., Ass'n,* 51 Ind. 271.

The motion for a new trial assigned, among other causes, that the finding was contrary to law, and that it was contrary to the evidence.

We could not disturb the judgment upon these grounds, for there was valid testimony tending to prove all the facts necessary to support the finding.

Another reason assigned was the overruling of appellant's motion to dismiss the cause. If this ruling was erroneous, it could not be a ground for a new trial. *Craig* v. *Ensey,* 63 Ind. 140.

It was assigned as another reason, that the court erred in overruling appellant's motion for a continuance. The cause for which a continuance was asked was the absence of a witness. The appellant, in his affidavit filed in support of the motion, to show diligence on his part, stated that he caused a subpœna for the witness in question to be issued, and served it himself on the 30th of August, 1879, and the subpœna, with appellant's return thereon subscribed and sworn to by him before the clerk, and stating service by him of said subpœna on said witness, at said county of Franklin, on the 30th of August, 1879, was filed as an exhibit with said affidavit. At the date of this attempted service by the appellant, a subpœna from the circuit court could be served only by the sheriff or his deputy. Acts 1879, p. 130, section 26; *Leary* v. *Meier,* 78 Ind. 393. Therefore, due diligence to obtain the presence of his absent witness was not shown by the appellant. Hence there was no error in overruling the motion for a continuance.

Upon the trial the court, over appellant's objections, permitted the appellee to introduce in evidence the sworn complaint filed by the mother of the child before the justice, the warrant issued by the justice for the arrest of the appellant, with the return of the constable thereon showing the arrest of the defendant and his presence in court, the bond executed

by the appellant and his sureties taken by the justice to secure appellant's appearance in the circuit court, and the transcript of the proceedings before the justice. These rulings are assigned as causes in the motion for a new trial.

In *Broyles* v. *State, ex rel. Delong*, 64 Ind. 460, it was held to be error to permit the introduction in evidence, in such a case, of the complaint, or the bond, or recognizance.

A prosecution for bastardy can not be commenced in the circuit court, but must be instituted before a justice of the peace. The circuit court acquires jurisdiction by the filing in the clerk's office of a transcript of the proceedings of the justice and the original papers in the cause before him. *Cunningham* v. *State, ex rel. Wilson*, 35 Ind. 373. The court may examine the transcript and papers to determine whether it has authority to hear and determine the cause, and to ascertain what is to be tried; but upon the trial of the issue made by the defendant's denial of the charge, whether before a jury or before the court acting as a jury, the transcript and papers, except the testimony of the mother reduced to writing by the justice, are not admissible in evidence.

Whether the mother be living or dead, her charge against the defendant can not be proved by her sworn complaint, or by the warrant and the return thereon showing a legal arrest of the defendant, or by the recognizance signed by the defendant and his sureties, not as an admission, but to prevent his committal to jail, or by the transcript showing the proceedings before the justice, with his finding and judgment against the defendant.

Though the admission of some of these papers may have been harmless, yet we can not know that they were not all taken as in some way aiding in the determination of the issue that was being tried. The court's jurisdiction could not be aided by the admission of these papers as evidence on the trial.

There is no appearance here for the appellee, and the record does not show any reason why the transcript and papers were

admitted; while it does show that they were properly objected to. They should have been excluded.

The court also admitted in evidence, over appellant's objection, a paper purporting to be the examination of the mother by and before the justice, and this ruling was assigned as a cause for a new trial.

This paper, as it appears in the bill of exceptions, commences as follows:

"STATE OF INDIANA, Franklin County: — Before James Smith, justice of Springfield township.

"STATE OF INDIANA, on the relation of ANNIE McDONALD.
v. THOMAS HICKS.

"Examination of Annie McDonald, an unmarried woman, resident of said county and State, taken by and before me, James Smith, a justice of said county, on this 10th day of December, 1878, upon her complaint of bastardy against the defendant in the above entitled cause, Thomas Hicks, the said Hicks being present in custody before me upon warrant issued in the premises."

Then follow the questions and answers, at the end of which is the name Annie McDonald.

It is provided by section 7 of the act regulating prosecutions for bastardy, 2 R. S. 1876, p. 657, that "The testimony of the mother shall be by such justice reduced to writing, read carefully to such witness and by her be signed, and shall by such justice be returned to the circuit court with the other papers in such case, to be used by either party to sustain or impeach the testimony of such witness."

By section 11 of said act it is provided, that where, as in this case, the mother shall have died, and the name of the child shall have been substituted in the proceedings for that of the mother, "the testimony of the mother, taken in writing before the justice, may be read in evidence, and shall have the same force as if she were living, and had testified to the same in court."

To the paper thus introduced in evidence there was no cer-

tificate signed by the justice; but the justice before whom the prosecution was instituted, testifying as a witness for the appellee, was permitted, over appellant's objections, to identify the instrument as one of the papers in the case transmitted by him to the clerk of said circuit court, and to testify that it was signed by Annie McDonald, and that she was sworn by him in said cause before she was examined and before she signed said papers.

Among the causes stated in the motion for a new trial were the rulings admitting this testimony of the justice.

The testimony of the mother reduced to writing by the justice is one of the " papers " in the case, to be transmitted by him to the clerk of the circuit court. See sections 4 and 7 of said act. It is not necessary for the purpose of conferring jurisdiction upon the circuit court; for it is further provided by said section 7 that the failure of the justice to prepare and transmit it as directed by said section "shall not be ground of dismissal in the circuit court, but such justice shall recover no fees in such case." The purpose of the paper is to preserve evidence.

The duties of justices in connection with prosecutions for bastardy are specially prescribed by the statute. Looking to the statute, they find that it does not expressly require them to certify the paper in question, but does require them to transmit it with the other papers; and the practice is common to prepare such papers without certificates, and to admit them in evidence in the circuit court without other authentication than is furnished by their having been transmitted with the other papers.

This court, recognizing the fact that the usefulness of these local tribunals is greatly promoted by the simplicity of their forms of procedure, and guided by the spirit of the legislation concerning justices, has always, in reviewing their proceedings, permitted great latitude in matters of form.

In view of the provisions of the statute and the common practice thereunder, and considering the character of the courts

in which the preliminary proceedings in prosecutions for bastardy are conducted, we hold that the fact that the paper in question, indicating its purpose as it did upon its face, was among the papers transmitted by the justice to the clerk, was a sufficient reason, *prima facie,* for permitting it to be read in evidence. And, in this view, while the testimony of the justice in regard to the paper was unnecessary to authenticate it, yet its sole purpose being to procure the admission in evidence of an instrument which was admissible without such aid, the admission of the testimony of the justice was not available error. The judgment should be reversed.

PER CURIAM.—Upon the foregoing opinion, the judgment is reversed, at the costs of the relator, and the cause is remanded for a new trial.