No. 9896.

### EVANS v. SCHAFER.

SUPREME COURT.—*Bill of Exceptions.*—*Dismissal.*—The Supreme Court will not review a ruling of the court below refusing a motion to dismiss a cause, when the bill of exceptions fails to show the reasons assigned for the motion.

SAME.—*Defective Transcript.*—*Complaint.*—*Presumption.*—The transcript filed

in the Supreme Court did not give a material word in the complaint, the clerk testifying that he could not determine which of two words it was.

*Held*, that the information could not be supplied by affidavits filed in the Supreme Court.

*Held*, also, that the Supreme Court, on a question of its sufficiency, would presume the word which would support the complaint and the judgment below.

From the Clark Circuit Court.

*C. L. Jewett* and *M. Clegg*, for appellant.

*M. C. Hester*, for appellee.

BLACK, C.—This was an action commenced on the 3d of February, 1880, before a justice of the peace, by the appellee against the appellant. The complaint alleged that, on the 17th of December, 1879, the appellee rented to the appellant, from that day until the 1st of April, 1880, certain real estate described, in Clark county, Indiana, and, by contract between the parties, the rent for said premises was to be $3 per month, and was to be paid at the end of each month to the appellee by the appellant; that said rent became due on the 17th of January, 1880; that on that day the appellant refused to pay the appellee said $3 for said premises, as he had contracted to do. As shown by the transcript of the record before us, the complaint then proceeds as follows: "After the said 17th day of January, 1880, the plaintiff served upon the defendant a written notice to pay the said rent or to surrender to plaintiff the possession of said premises at the expiration of ten days from the time of said notice, which said ten days expired (Here follows a word, and after careful examination I am unable to decide whether it is 'before' or 'after,' and can not officially certify which it is, and therefore omit it. Samuel C. Taggart, Clerk.) the commencement of this suit, and, therefore, the said tenancy expired; that ever since that time the plaintiff has been, and now is, entitled to the possession of said premises; that the said defendant Evans unlawfully holds over and detains the possession of said premises from the plaintiff; and that the plaintiff has sustained damages by reason

of said unlawful holding over in the sum of $10. Wherefore plaintiff demands judgment for the possession of said premises and for said damages."

The justice found and rendered judgment against the defendant. On appeal by him to the circuit court, the cause was tried by the court, and the finding and judgment were again in favor of the plaintiff.

The appellant has assigned as error the overruling of a motion made by him to dismiss the action. But the ground of his motion to dismiss is not shown by bill of exceptions; therefore the ruling upon the motion can not be reviewed. *Lippman* v. *City of South Bend*, 84 Ind. 276.

The only other supposed error assigned is, that the complaint does not state facts sufficient to constitute a cause of action. The discussion of counsel relates to the word as to which the clerk was unable to decide, whether it was " before " or " after." The action was brought under the act concerning the unlawful detention of lands and the recovery thereof, 2 R. S. 1876, p. 662 (sec. 5225, *et seq.*, R. S. 1881); and it was sought to show, as provided by that statute, that the landlord was entitled to possession in pursuance of legal notice, and that the tenant was unlawfully holding over after the determination of the tenancy as provided by section 4 of the statute relating to landlords and tenants. 2 R. S. 1876, p. 340. Said section 4 was as follows:

" If a tenant neglect or refuse to pay rent when due, ten days' notice to quit shall determine the lease, when not therein otherwise provided, unless such rent be paid at the expiration of said ten days."

The action could not properly be commenced until after the expiration of the ten days. It appears, not that there was a blank in the complaint, but that when the transcript was made a certain word in the complaint could not be deciphered by the clerk.

Counsel for appellee has filed in this court his affidavit, wherein he states that he wrote the word in dispute, and that

it was "before;" but a record can not be corrected or thus aided in this court. The evidence is not in the record. It is a familiar rule that every reasonable presumption will be indulged by this court in aid of the action of the court below. That court, applying the evidence to the complaint, found in favor of the plaintiff. Its attention appears to have been specially called to the complaint by a demurrer thereto for want of sufficient facts, which was overruled, no exception being taken to the ruling.

We will presume that the finding was sustained by the evidence, and, the contrary not appearing, that the complaint was in agreement with the finding.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellant.