Smith, Administrator, v. McDonald.

No. 248.

## SMITH, ADMINISTRATOR, v. McDONALD.

PRACTICE.—*Motion to Dismiss.*—*Bill of Exceptions.*—A motion to dismiss a claim pending against an estate can only be presented on appeal by a bill of exceptions containing the reasons for the motion.

SAME.—*Answer to Interrogatories.*—*Error in Refusing to Require Answers to, Cured.*—A refusal to require answers to interrogatories filed with a pleading may be cured by afterwards and before trial requiring the answers to be filed.

PAYMENT.—*Presumption from Lapse of Time.*—A mere lapse of time less than the period of twenty years, when the suit is on a note executed previous to 1881, does not raise a presumption of payment or bar an action on the note.

DECEDENTS' ESTATES.—*Delay in Filing Claim.*—*Sale of Real Estate.*—*Estoppel.*—The fact that a claimant against a decedent's estate knew of a sale or transfer of the property of the estate to persons who knew of his claim will not estop him from asserting his claim against the estate and against the property thus transferred, although he delayed the bringing of his action for several years.

From the Floyd Circuit Court.

*C. L. Jewett* and *H. E. Jewett*, for appellant. ·

*A. Dowling*, for appellee.

BLACK, J.—This was a claim against a decedent's estate. The appellant has assigned as error the overruling of his motion to dismiss the claim, and under this assignment has contended that the statement of the claim was insufficient.

The grounds of the motion are not presented by bill of exceptions; therefore the ruling on the motion can not be reviewed by this court. *Long* v. *Town of Brookston*, 79 Ind. 183; *Evans* v. *Schafer*, 88 Ind. 92; *Ross* v. *Davis*, 97 Ind. 79.

The appellant offered to file certain interrogatories to be answered under oath by the appellee. The court, upon objection of the appellee, refused to enforce answers to the interrogatories, because the appellant had not filed any answer. Afterward the appellant filed an answer in three

VOL. 3.—4

paragraphs.    Later the appellee was ruled to answer the interrogatories, and he filed his answers thereto.

It is insisted that the court erred in its first refusal to require answers to the interrogatories.

Assuming, without deciding, that the court erred in this ruling, yet we can not regard the error as available for the reversal of the judgment.    We can reverse only because of substantially harmful error, and it appears that the appellant was not harmed, and that the result reached was not affected by this action of the court.

In *Aylesworth* v. *Brown*, 31 Ind. 270, where the defendant filed with his answer interrogatories to the plaintiff, and the court erroneously refused to compel him to answer some of them sufficiently, but it appeared that the plaintiff was a witness on the trial, and testified fully as to the facts which it had been sought to elicit by the interrogatories, it was held that the error could not avail the defendant.

In the case at bar the appellant obtained answers to his interrogatories before the trial, and did not object to them as insufficient.

The claim was upon a promissory note made by the intestate to the claimant in 1868, and the statement of the claim was filed within the statutory period of limitation.

The court refused to instruct the jury, at the request of the appellant, that if the appellee kept the note for nearly twenty years in his possession without making any attempt to collect it, and knowingly permitted the estate of the maker to be sold and to pass into the hands of other persons, these facts might be considered by the jury with the other evidence in determining whether in fact the note had not been paid.

The mere lapse of time less than the period of twenty years would not raise a presumption of payment or bar the action on the note.    Whether in such a case laches may be shown by way of equitable estoppel need not be determined. See *Scherer* v. *Ingerman*, 110 Ind. 428.

There was no evidence relating to any sale or transfer of property, except that one of the children of the intestate testified that she sold her "interest in the real estate" to one Mr. Hyde, and was at the office of an attorney named, one of the counsel for the appellant, "about the time of the partition suit of this real estate;" and that the intestate was at her house three days before his death, and said he wanted the note in suit paid out of his property, and that "the parties who afterward bought this property knew of this debt."

The fact that the appellee knew of the sale or transfer of the property to others who knew of his claim would not estop him from asserting his claim against the estate.

The instruction did not present a state of facts constituting an estoppel.

The court did not err in refusing to give this instruction.

The judgment is affirmed.

Filed Oct. 30, 1891.