Filed Jan. 7, 1892.

---

No. 428.

## Sheeks, Administrator, et al. *v.* Fillion.

Decedents' Estates.—*Claim Against.—Motion to Strike Out.—Motion to Dismiss Claim.—Bill of Exceptions.*—Where a motion to strike out a part of a claim filed against a decedent's estate is not made part of the record by bill of exceptions or order of court, the action of the court below in overruling the motion can not be considered on appeal. The same rule applies as to the overruling of a motion to dismiss the claim.

Same.—*Sufficiency of Claim.—Insufficiency of Certain Items.—Demurrer.*—A claim filed against a decedent's estate is sufficient if it contain enough to apprise the defendant of the nature of the claim and the amount demanded, and to bar another action for the same demand. The insufficiency of the statement of one or more of the separate items of the claim will not render bad on demurrer the entire claim containing other separate items of indebtedness so stated that if they had been the only items the claim would withstand a demurrer.

Same.—*Amendment of Claim.*—If, after a claim has been transferred to the issue docket, the claimant, without objection on the part of the administrator, is permitted to amend the statement by introducing therein an item of claim based upon facts accrued after the claim was filed in the clerk's office and was placed upon the docket, upon which it is the administrator's duty to allow or reject claims, the defendant can not, by answer in bar of such part of the claim, raise an objection, which he has so waived, to the making of such amendment.

Same.—*Special Defence Pleaded by Administrator.—Demurrer.—Answer of Partial Defence.*—If an executor or administrator plead a special de-

fence, which is sufficient, it is error to sustain a demurrer thereto, which is not rendered harmless because of the fact that the defence might have been proved without special plea. If the paragraph, however, to which the demurrer was sustained, amounted only to a partial denial, and there remained in an answer in denial of " each and every material allegation in said claim and complaint contained," the action of the court in sustaining the demurrer will not be available error.

SPECIAL FINDING.—*General Verdict.*—The special finding in answer to interrogatories can not control the general verdict, if it be possible to reconcile the special finding with the general verdict upon any supposable evidence admissible on the trial.

NEW TRIAL.—*Motion for.—Excessive Damages.*—The assignment in a motion for a new trial that the verdict is contrary to law does not raise the question that the amount of recovery was too large.

INSTRUCTIONS TO JURY.—*Refusal to Give Instructions.—When not Available Error.*—Where the evidence is not in the record, the refusal of the court to give an instruction asked for by one of the parties can not be considered on appeal.

SAME.—*Giving of Instructions.—Evidence not in Record.*—Where the evidence is not in the record, the judgment will not be reversed for the giving of instructions unless they would be erroneous under any possible state of the evidence.

From the Lawrence Circuit Court.

*J. H. Willard,* for appellants.

*J. Giles,* for appellee.

BLACK, J.—This was a claim against a decedent's estate. It is contended on behalf of the appellants that the court erréd in overruling their motion to strike out a part of the claim, or complaint. This motion is not made part of the record by bill of exceptions or order of court. Therefore, this action of the court below is not so presented that this court can consider it. Section 650, R. S. 1881; *Weston* v. *Lumley,* 33 Ind. 486; *Greensburgh, etc., T. P. Co.* v. *Sidener,* 40 Ind. 424; *Wilson* v. *Piper,* 77 Ind. 437; *Owens* v. *Tague, ante,* p. 245.

It is next insisted by the appellants that the court erred in overruling their motion to dismiss the claim. This motion not being preserved in the record by bill of exceptions or order of court, we can not consider the action of the court

in overruling it. *Long* v. *Town of Brookston,* 79 Ind. 183;
*Evans* v. *Schafer,* 88 Ind. 92.

A demurrer to the complaint for want of sufficient facts
was overruled.

The statement of the claim was in the form of an account
embracing a number of separate items of indebtedness, ac-
companied by an affidavit of the claimant in substantial
compliance with the statute. Section 2310, R. S. 1881;
Acts of 1883, p. 153.

The insufficiency of the statement of one or more of the
separate items of the claim could not render bad on demurrer
the entire claim containing other separate items of indebt-
edness so stated that if they had been the only items the
claim would withstand a demurrer.

Such a statement is sufficient if it contain enough to ap-
prise the defendant of the nature of the claim and the
amount demanded, and to bar another action for the same
demand. *Taggart* v. *Tevanny,* 1 Ind. App. 339; Henry
Prob. Law, 184.

The statement in the case at bar, after a heading indicat-
ing it to be a statement of indebtedness of the estate of the
intestate represented by the appellants to the appellee, con-
tained items, among which was the following :

" To laying sidewalks in front of his dwelling-house and
furnishing tools, in April, 1887, 5 days, at $4.50 per day,
$22.50."

This was sufficient as to this item, whatever might be true
as to any other item.

There was no error in overruling the demurrer to the
complaint.

A demurrer to the third paragraph of answer was sus-
tained.

One item of the claim was a separate and independent
charge in a certain amount for work in cutting a monument
in the year 1889.

The third paragraph of answer was pleaded as a partial

answer addressed to so much of the claim as made a charge for a monument, and alleged that said part of said claim was not due at the time of the original filing of said claim, but that any claim of any nature for such monument arose after the original filing of the claim.

The claim was filed originally in 1889. An amended complaint, filed in 1890 (appellants appearing by counsel and not objecting), is in the record. What change in the claim was made by the amendment is not shown. It does not appear that the item to which the third paragraph of answer relates was not in the original statement.

The statute provides that the " holder " of a claim, whether due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending. Section 2310, R. S. 1881 ; Acts of 1883, p. 153. This statement should show a valid subsisting indebtedness of the estate to the claimant, a state of facts creating an existing indebtedness, though the debt need not be due.

The statute (section 2318, R. S. 1881) provides that immediately upon the filing of the claim the clerk shall enter it upon the claim docket, and that the filing of the claim and entry thereof upon the claim docket shall be deemed the commencement of the action upon the claim.

It is also provided (section 2319, R. S. 1881 ; Acts of 1883, p. 154) that whenever any claim against the estate shall have been filed and placed upon the appearance docket ten days before the first day of the term, the executor or administrator shall admit, or refuse to admit, such claim in writing on the margin of such appearance docket opposite such claim ; and that if the claim is not so admitted before the last day of the term, it shall be transferred to the issue docket, and shall stand for trial at the next term.

If, after the claim has been transferred to the issue docket, the claimant, without objection on the part of the administrator, be permitted to amend the statement by introducing therein an item of claim based upon facts accrued after the

claim was filed in the clerk's office, and was placed upon the docket upon which it is the administrator's duty to allow or reject claims, the defendant could not, by answer in bar of such part of the claim, raise an objection, which he has so waived, to the making of such amendment.

If it be error to permit such an amendment, then, as we çan not presume anything against the action of the trial court for the purpose of reversing its judgment, but must assume that it did right until the contrary is made to appear, we can not treat the item relating to a monument as having been introduced into the statement by an amendment erroneously permitted.   It was included in the statement originally filed, or objection to its introduction by way of amendment was waived by the administrator.

It is provided (section 2324, R. S. 1881; Acts of 1883, p. 156) that, when the claim is transferred for trial, it is not necessary for the executor or administrator to plead any matter by way of defence, except a set-off or counter-claim, to which the plaintiff shall reply.   But, if the executor or administrator plead any other matter by way of defence, the claimant shall reply thereto ; and the sufficiency of the statement of the claim or of any subsequent pleading may be tested by demurrer.

It has been held that, if the executor or administrator plead a special defence which is sufficient, it is an error to sustain a demurrer thereto, which is not rendered harmless because of the fact that the defence might have been proved without special plea.   It is said that, " having pleaded specially, the case is not within those rulings which hold that where a demurrer is sustained to a good answer, setting up facts which may be as well proved under other answers which remain in, the error will be deemed harmless." *Castetter* v. *State, ex rel.,* 112 Ind. 445.

If, in such case, the same matter should be pleaded twice in separate paragraphs of answer, by the executor or administrator, of course it could not be available error to sustain

a demurrer to one of such paragraphs, the other remaining in. In the case before us the first paragraph of the answer was a general denial.

The allegation in the third paragraph that the part of the claim relating to a monument was not due at the time of the original filing of the claim did not show a defence or help to render the paragraph sufficient. The statute, as we have seen, provides that the holder of the claim shall file the statement, whether the claim be due or not.

It was further alleged by the third paragraph that any claim of any nature for such monument arose after the original filing of the claim. If this should be regarded as equivalent to an allegation that the facts upon which the claim for the monument depended accrued after the filing of the claim, it amounted merely to a partial denial of the complaint, considered as a statement which at its original filing contained the item relating to a monument. If that item was introduced into the complaint by an amendment, objection to which had been waived, the fact that the claim had accrued after the original filing of the statement could not be a defence.

If the third paragraph had shown an affirmative defence not pleaded in some other paragraph which remained in, it would have been an available error to sustain a demurrer to it, notwithstanding the right of the appellants to prove its allegations without plea. But if the paragraph in question amounted to a partial denial, then, as there remained in an answer in denial of "each and every material allegation in said claim and complaint contained," we can not regard the action of the court in sustaining the demurrer as available error.

There was a trial by jury, and a general verdict for the appellee, with answers to interrogatories, was returned. The appellants moved for judgment in their favor "on the interrogatories propounded to the jury, as far as any part of said

claim herein relates to work and labor on a monument is concerned, notwithstanding the general verdict."

The special finding, in answer to interrogatories, can not control the general verdict, if it be possible to reconcile the special finding with the general verdict upon any supposable evidence admissible on the trial. Under this well-settled rule, without regard to the form of the motion for judgment, we are unable to hold that there was error in overruling this motion.

Under this head the appellants argue that the contract relating to a monument, as shown by the answers to interrogatories, was void under the provision of the statute of frauds relating to a contract for the sale of goods for the price of fifty dollars, or more.

The claim, so far as it related to a monument, was for work and labor. It was plainly so indicated in the statement, or complaint, and this was recognized in the motion for judgment.

The answers to interrogatories do not show what was the contract relating to a monument, or that any portion of the amount allowed in the general verdict upon this item of claim was for anything other than work and labor.

A motion for a new trial was overruled.

The appellants, in argument, claim that the amount of recovery was too large; but such a reason is not assigned in the motion for a new trial, and the assignment that the verdict is contrary to law, under which such argument is made, does not raise that question.

It is contended that the court erred in refusing to give to the jury one of the instructions asked by the appellants. The evidence is not in the record. Therefore, if there was error in refusing the instruction, it is not available in this court. *Sandford, etc., Co.* v. *Mullen,* 1 Ind. App. 204.

Finally, it is insisted that the court erred in giving certain instructions to the jury. It is well settled that when the evidence is not in the record the judgment will not be

reversed for the giving of instructions, unless they would be erroneous under any possible state of the evidence.

We have examined the instructions given, and we find no substantial ground for reversal.

The judgment is affirmed.

Filed Jan. 7, 1892.