## BOARD OF COMMISSIONERS OF FLOYD COUNTY *v.* SCOTT.

[No. 2,215.   Filed February 2, 1898.]

PRACTICE.—*Commissioners' Court.—Appeals.*—An appeal from the commissioners' court in an action on account is tried *de novo* in the circuit court, and a motion made in the commissioners' court to dismiss is no part of the record on appeal. *pp. 230, 231.*

APPEAL AND ERROR.—*Motion to Dismiss.*—Where the reasons for a motion to dismiss a cause do not appear by bill of exceptions, the appellate court cannot review a ruling of the trial court denying the motion. *p. 231.*

JUDGMENT.—*Entered by Agreement.—Appeal.—Sufficiency of Complaint.*—Where a judgment was entered against defendant by agreement of its attorney in open court, the question of the sufficiency of the complaint cannot thereafter be raised, where no fraud or collusion is shown. *p. 232.*

SAME.—*New Trial.—Evidence.—Judgment by Agreement.*—No question is presented in a motion for a new trial for the reason that the finding of the court was not sustained by sufficient evidence and was contrary to law, where the record shows that the court had jurisdiction of the parties and of the subject-matter, and where the judgment was entered by agreement of the parties, no evidence being admitted. *pp. 236-238.*

COUNTY COMMISSIONERS.—*Rejected Claims.*—The board of county commissioners has power to agree that a judgment be entered against it in the circuit court on appeal from such board rejecting a claim filed for allowance. *pp. 238, 239.*

From the Floyd Circuit Court.   *Affirmed.*

*Alexander Dowling,* for appellant.

*George H. Voigt* and *Evan B. Stotsenburg,* for appellee.

WILEY, J.—Appellee, who was plaintiff below, filed with the auditor of the county, in the commissioners' court, a claim in the following words and figures, to wit: "Levi H. Scott, the claimant herein says that said board of commissioners of the county of Floyd

is indebted to him in the sum of twenty-five hundred and sixteen dollars ($2,516.00) with interest from the 9th day of September, 1892. That said indebtedness is evidenced by county orders issued by said county of Floyd and signed by the auditor thereof; that said claimant cannot set out copies of such orders, or the date and amount of each, or to whom payable, or for what drawn, for reason that the same were destroyed by fire on November 28th, 1894, and this claimant has no memorandum of their contents; that at the time said orders were destroyed said claimant was the owner of the same; that the same are now due and payable, and he has demanded payment of them from the county treasurer of said county, who has refused to pay the same, although this claimant has offered to indemnify said county on account of his inability to produce or present said orders for cancelation, although said treasurer had sufficient funds in his hands to pay the same. Said claimant files herewith his bond indemnifying said county on account of the payment of said orders. Wherefore this claimant prays an order for said sum, with interest, and for all proper relief."

The claim thus filed was duly verified by appellee, and at the regular September term, 1895, of the board of commissioners, one Charles D. Kelso, as attorney for the board, filed a written motion to dismiss the claim, the reason stated in the motion was that the complaint or claim did not state sufficient facts to constitute a valid claim against the county. This motion the court overruled, and the record shows that an exception was reserved to such ruling. The record further shows that the board heard evidence, refused to allow the claim, and entered an order of dismissal. Whereupon the appellee filed his appeal bond, and the proceedings were certified to the circuit court. In

the latter court the appellee appeared in the person of Charles D. Kelso, as its attorney, and interposed its oral motion to dismiss, which motion was over-ruled and an exception reserved. The case was put at issue by an answer in five paragraphs, and a reply; but as no question is presented or discussed arising under the answer and reply, it is unnecessary to further refer to them. After the case was put at issue, the following order and judgment were ren-dered: "Comes now the plaintiff by Messrs. Voigt and Stotsenburg, his attorneys, and the defendant comes by Charles D. Kelso, Esq., its attorney, and by consent and agreement of the parties, the following decree, finding and judgment is entered herein to wit: This cause being at issue and called in its order for trial, is by consent and agreement of the parties submitted to the court for trial without the intervention of a jury upon the issues herein joined and proof adduced, and the court being fully advised in the premises finds for the plaintiff, that the material allegations of the complaint are true, and that there is due and owing to the plaintiff from the defendant, the board of commis-sioners of Floyd county, the amount of the orders sued on herein, the sum of twenty-five hundred and sixteen dollars," etc. The order further recites that the appellee is entitled to judgment for the amount found due, upon his executing a mortgage of indem-nity upon certain real estate, which mortgage was duly executed and delivered, and which was condi-tioned to save appellant harmless on account of the payment of said orders, which said mortgage was to be in full force, and binding for the term of five years. Thereupon the judgment was pronounced against ap-pellant for the amount of principal and interest found due. This judgment was entered on November 29, 1896, and on December 23, following, and during the

same term of court, the appellant by A. Dowling its attorney, filed its motion for a new trial, and assigned as reasons therefor, (1), that the finding of the court was not sustained by sufficient evidence, and (2), that the finding of the court is contrary to law. This motion was overruled and appellant excepted and time given to prepare and file its bill of exceptions. Within the time fixed the appellant filed its bill of exceptions, from which we quote the following:

"Be it remembered that on the 29th day of November, 1895, when said case was called for trial, the plaintiff by Evan B. Stottsenburg, his attorney, stated in open court, addressing the Hon. Jacob Herter, Judge of the Floyd Circuit Court, 'there will be a judgment by consent in this case in favor of the plaintiff.'

"Mr. Charles D. Kelso, attorney of record for the defendant, in open court, said: 'That is right, your honor, Mr. Stottsenburg will prepare the order.' And that was all the evidence given in the cause." These are the facts appearing from the record essential to the determination of the questions presented. Plaintiff has assigned as error, (1), that the court erred in overruling appellant's motion to dismiss; (2), that the complaint does not state facts sufficient to constitute a cause of action, and (3), that the court erred in overruling the motion for a new trial. Appellant in its brief discusses the first and second specifications of the assignment of errors together, for the reason as stated, that they "both assail the sufficiency of the complaint." We cannot agree with counsel in this, for we do not think that the first assignment presents any question for review. The record shows that in the commissioners' court, appellant by its attorney, moved to dismiss the claim on the ground that it did not state facts sufficient, etc. In cases of this character on appeal from the commis-

sioners' court, the proceedings are *de novo*. In the circuit court that motion was not refiled but a verbal motion was made to dismiss, but upon what ground the record is silent. True, the appellant excepted to the action of the court in overruling its motion to dismiss, but did not save the question by bill of exceptions. It seems to us that the same rule would obtain upon a motion of this character as that to make a complaint or pleading more specific; and in the latter case, where a motion is made to require the pleading to be made more specific, and the paper denominated a motion does not indicate in what particular it is desired to make the complaint or pleading more specific or definite, no question is presented unless embodied in a bill of exceptions. *City of Elkhart* v. *Witman*, 122 Ind. 538; *Manhattan Life Ins. Co.* v. *Doll*, 80 Ind. 113.

But it has been repeatedly held that where the reasons for a motion to dismiss a cause do not appear by bill of exceptions, they are not in the record, and the appellate court cannot review a ruling denying the motion. *Long* v. *Town of Brookston*, 79 Ind. 183; *Hicks* v. *State, ex rel.*, 83 Ind. 483; *Lippman* v. *City of South Bend*, 84 Ind. 276; *Evans* v. *Schafer*, 88 Ind. 92; *Smith* v. *McDonald*, 3 Ind. App. 49; *Yost* v. *Conroy*, 92 Ind. 464, 47 Am. Rep. 156; *Sheeks* v. *Fillion*, 3 Ind. App. 262.

It is impossible for the court to know from the record before us, whether or not the court erred in overruling the motion to dismiss, for there is no means of knowing from the record the basis or reason of the motion, and hence we cannot pass upon it. But if under the facts as shown by the record, the appellant can raise the question of the sufficiency of the complaint, and the complaint is defective, then it can get the relief desired under the second specification in

the assignment of errors.  The judgment in this case was entered by agreement.  When the case was called for trial, counsel for appellee said: "There will be a judgment by consent in this cause in favor of the plaintiff," and counsel for appellant said, addressing the court, "That is all right, your honor, Mr. Stottsenburg will prepare the order."

It is evident from this, that the parties, by counsel at least, had agreed upon the terms of settlement, and a basis upon which judgment should be rendered. There is no pretense that Mr. Kelso was not authorized to act for appellant.  He was its attorney of record, and an agreement made by him in open court and entered or record, was, in the absence of fraud or collusion, binding.  There is nothing in the record to show that there was any fraud or collusion in the agreement that judgment might be entered.  "An attorney being an agent, duly authorized, his acts are those of his client; the client is therefore bound by all the acts of his attorney in the course of legal proceedings, in the absence of fraud or collusion, and he cannot plead the negligence of his attorney as a ground for relief."  3 Am. and Eng. Ency. of Law, (2 ed.), p. 324.  In support of the above proposition, many authorities are cited.

In *Harvey* v. *Fink*, 111 Ind. 249, it was held that where a party is in court by his attorneys when an order is made granting the opposing party a new trial as of right, and does not object thereto, he cannot afterwards move to vacate the order upon the ground that it was made without his knowledge or consent.

In *Hudson* v. *Allison*, 54 Ind. 215, the question decided was much like the one before us.  There, the assignment of error called in question the sufficiency of the complaint.  The record showed that the parties to the action appeared by their respective attorneys,

the issues were joined, the evidence heard, and by "consent" the court found for the plaintiff, and rendered judgment accordingly.   The defendant below did not interpose any demurrer to the complaint, any motion in arrest of judgment, or reserve an exception. The court held that the record showed a judgment by agreement, which agreement such attorneys of record had power to make, and that the defects in the complaint were cured by the finding and judgment.   In *Fletcher* v. *Holmes*, 25 Ind. 458, it was held that a judgment entered by agreement by a court of general jurisdiction having power in a proper case to render such a judgment, and having the parties before it, will bind those by whose agreement it is entered, notwithstanding the pleadings would not, in a contested case, authorize such a judgment.

The recent case of the *Indianapolis, etc., R. W. Co.* v. *Sands, Tr.*, 133 Ind. 433, is strongly in point.   In that case an agreement in writing was made by and between the parties through their respective attorneys on February 26, 1891, that judgment should be rendered in favor of the plaintiff on June 26, 1891.   On the last named date judgment was duly rendered according to the terms of the agreement.   Olds, J., speaking for the court said:   "We think the cause, as to the parties entering into the agreement and consenting to the judgment, should not be considered on its merits, but should be affirmed, and this conclusion we think well supported by many well settled rules in addition to, and independent of, the decisions holding that a case will not be considered on its merits, when a consent decree is entered.   It is a rule too well settled to require the citation of authority, that, if a party induces a court to make a ruling on the trial of a cause admitting incompetent evidence, he cannot be heard to complain if the court adheres to the same

Board of Commissioners of Floyd County *v.* Scott.

ruling, and admits incompetent evidence in behalf of his adversary; that the erroneous ruling being made at his instance, he will be bound by the application of the same rule throughout the case, and this court will not reverse the judgment, though the ruling be erroneous.   *   *   *

"It is alike a well settled rule that if one consents, or even does not object, when he has an opportunity to do so, to the introduction of improper evidence, he can not afterwards predicate error on a motion to strike it out.   *   *   * A party cannot, by request or by his consent, induce the court to make a ruling or enter a judgment which is erroneous, and then immediately challenge it as erroneous, and procure a reversal on account of a ruling, or an act done by the court at his instance or with his consent.   *   *   * It is a well settled rule that a judgment entered by agreement by a court of general jurisdiction, having power in a proper case to render such a judgment, and having the parties before it, will bind those by whose agreement it is entered notwithstanding the pleadings would not, in a contested case, authorize such a judgment,"—citing *Fletcher* v. *Holmes, supra*.

Continuing, the learned judge said:  "When a judgment is rendered by agreement, it is immaterial to determine as to whether or not the complaint is sufficient, for if the judgment be one which the court had the right to render, and the parties are in court, the judgment would be valid, and if by consent of the defendant, or induced by the parties, the court exceeds its jurisdiction, the judgment may be void in so far as it exceeds jurisdiction, but we see no reason why a defendant should question on appeal such ruling any more than any other erroneous ruling he induces the court to make.   He has agreed to the judgment, he is bound by it, and it should stand with whatever validity it may possess."

The court upon these facts refused to consider the merits of the case, saying: "Taking the view of the case which we do, the judgment must be affirmed without considering the merits of the case."

In *Knoblock* v. *Mueller*, 123 Ill. 554, 17 N. E. 696, it was said: ."Decrees of courts of chancery, in respect of matters within their jurisdiction, are as binding and conclusive upon the parties and privies as are judgments at law; and a decree by consent, in an amicable suit, has been held to have an additional claim to be considered final. * * * Decrees so entered by consent cannot be reversed, set aside or impeached by a bill of review or a bill in the nature of a bill of review, except for fraud, unless it be shown that the consent was not, in fact given, or something was inserted as by consent that was not consented to. * * * It is the general doctrine that such a decree is not reversible upon appeal or writ of error, or by bill of review, for error." If upon principle, and the authorities cited there could be any doubt about the rule, the question has certainly been put at rest by the Supreme Court of the United States in *Pacific Railroad* v. *Ketchum*, 101 U. S. 289. It was there held that a consent decree in the circuit court could be appealed from; that when it appears of record that the defendant‾ assented to a decree, through its solicitor, it is equivalent to a direct finding as a fact by the court, that the solicitor had authority to do what he did, and it is binding on appeal so·far as the question is one of fact only.

Mr. Chief Justice Waite wrote the opinion of the court in that case, and from the body of the opinion we quote the following: "Parties to a suit have the right to agree to anything they please in reference to the subject-matter of their litigation, and the court, when applied to, will ordinarily give effect

to their agreement, if it comes within the general scope of the case made by the pleadings. It was within the power of the parties to this suit to agree that a decree might be entered for a sale of the mortgaged property without any specific finding of the amount due on account of the mortgage debt, or without giving a day of payment. It was also competent for them to agree that if the property was bought at the sale by or for the bondholders, payment of the purchase money might be made by a surrender of the bonds. And so of all the other provisions of the decree which are complained of. All these were matters about which the parties might properly agree; and having agreed, it does not lie with them to complain of what the court has done to give effect to their agreement."

It was further held in the last cited case, that if fraud entered into the agreement, the party complaining should have applied to the court in which the fraud was perpetrated, in the first instance, for relief.

In the case before us, the jurisdiction of the court below, both over the subject-matter and the parties, was complete. The case reached the circuit court in a regular way by appeal, and the appellant was properly in court. The agreement by which judgment was entered, did not affect the jurisdiction of the court over the subject-matter, for such jurisdiction is not questioned. The court had jurisdiction to render such judgment as the pleadings and facts warranted, and, by the agreement, all proof or evidence was waived. If the complaint was insufficient, its defects were waived by the agreement, and the finding and judgment of the court thereunder. There is no showing in the record but what the judgment and decree were in exact conformity to the agreement, and, in the absence of such showing, we must presume they were.

No question of fraud or collusion is presented, and even if it was, we could not consider it, unless it had first been presented in the court below.   The appellant here is a corporation, and it could only appear to the action by its attorney or agent.   It did appear by an attorney, and, in the absence of any showing to the contrary, we must presume he had authority to appear; and having such authority, he had the right to agree that a judgment should be rendered for appellee, and by such agreement the appellant confessed its liability, and the appellee's right to a judgment.

It seems clear to us, that after this has been done, a party to such agreement,—an agreement sanctioned by the solemn judgment of the court,—cannot, and ought not to be permitted to have the judgment or decree changed, modified, or reversed, without first showing some fraud or mistake by which he was induced to enter into the agreement, and ask the court to enter the decree, or without showing some valid reason why he should be relieved from it.   Such a doctrine or rule would be at variance and out of harmony with the rules of practice, and in conflict with the great weight of authorities.   See *Indianapolis, etc., R. W. Co.* v. *Sands, Tr., supra.*

In the bill of exceptions it is stated that Mr. Stottsenburg, attorney for appellee, addressed the court and said:   "There will be a judgment by consent in this cause in favor of the plaintiff," to which Mr. Kelso, attorney for appellant replied: "That is all right your honor; Mr. Stottsenburg will prepare the order."   This follows the expression: "And that was all the evidence given in the cause."

The first reason assigned in the motion for a new trial was that the finding of the court was not sustained by sufficient evidence; and second, that the finding was contrary to law.   We do not think any

question is presented by the motion for a new trial. In the first place, we cannot regard the statements of counsel in reference to the agreement or to judgment as evidence pertinent to any issue in the case. There was no evidence given in the cause, and from the facts as they appear from the record, no evidence was necessary, or, as was held in *Indianapolis, etc., R. W. Co.* v. *Sands, Tr., supra,* the parties supplied and waived any defects in the evidence by their agreement that judgment should be entered in favor of appellee.

Appellant's second reason for a new trial is not available, for the reason that the court had jurisdiction both of the subject-matter and of the parties, and had power to render a judgment by agreement, in the absence of any evidence whatever. Appellant insists that the complaint is defective: (1), Because it does not show that the appellee was entitled to any relief, and (2), that it is not sufficiently certain to bar another action. From what we have said it is unnecessary for us to decide these questions, for they are waived by the agreement for the entry of judgment.

The learned counsel for appellant in his discussion of the third assignment of erors, which calls in question the overruling of the motion for a new trial, says: "When the order or judgment of a board of county commissioners has been made and recorded, the authority of the commissioners is exhausted, and they have no right to change or vacate it, and of course they cannot disregard it." With this proposition, in the abstract, we are in full accord, but counsel's reasoning, while ingenious, has no application to it. Counsel says that the board having rejected the claim, it had no power to vacate and disregard its own order, even by another formal entry, and what the board could not do directly, its attorney could not do indirectly. He further says, that the judgment by agree-

ment was an unauthorized allowance of a rejected claim.   True, appellant had no power after entering its formal order dismissing the claim, to reinstate and allow it by a subsequent formal order.   As was said in *Board, etc.,* v. *Gravel Road Co.,* 88 Ind. 199, the board could not annul or set aside decisions made or judgments rendered after the close of the term at which they were entered.   In *Badger* v. *Merry,* 139 Ind. 631 the board of commissioners made and entered an order establishing a highway.   Three days thereafter, and at the same term, the appellant moved on affidavit to have such final order set aside, which motion was sustained, and thereupon appellant and others filed remonstrances.   It was held that the order to set aside the final order establishing the highway was void, on the ground that the board had no statutory power to change, vacate, or disregard such final order or judgment.   These are the only authorities relied upon by counsel to support his contention, but they are not in point here.

In this case the appellant did not change, vacate, or disregard its order, but agreed that judgment should be entered against it, in a superior tribunal, having jurisdiction of the subject-matter and the parties to the action.

It may be that appellant has been imposed upon, and that a fraud has been perpetrated, to its injury; but it does not so appear from the record, and we find no error for which the judgment can be reversed. Judgment affirmed.