HOOSIER FINANCE COMPANY *v.* CAMPBELL ET AL.

[No. 12,515.   Filed April 7, 1927.]

1. CHATTEL MORTGAGES.—*Mortgagee of automobile authorized to create lien for storage where mortgage clause 'gave mortgagee right to take possession as its own property on certain condition.*—A mortgage on an automobile, which was duly recorded, contained a clause that the mortgagee had the right to take possession of the automobile as its own property if it was "levied on by execution from any court." An execution was levied on the car by a constable, to whom the execution was issued by a justice of the peace, and the automobile was placed in a public garage for storage. At the request of the mortgagee, the levy was abandoned and the car left in storage. *Held* that the car having been stored at the request of the mortgagee, a lien thereon was thereby created by virtue of its ownership under the condition in the mortgage.   p. 65.

2. AUTOMOBILES.—*Lien for storage may be created by mortgagee in possession under the mortgage.*—One storing an automobile at the request of the mortgagee in possession under a provision

of the mortgage, having filed notice of the lien in accordance with the statute, is entitled to a lien for such storage under the provisions of Acts 1915 p. 621, §§9844-9849 Burns 1926. p. 65.

3. APPEAL.—*Including attorney's fee in judgment for lienholder not available error when parties stipulated therefor.*—Including attorney's fee in judgment foreclosing a lien is not available error where the parties have stipulated that such fee should be allowed if the finding was in favor of the plaintiff or cross-complainant, since a party cannot complain of what he has invited the court to do. p. 65.

From Gibson Circuit Court; *Claude A. Smith,* Judge.

Action by the Hoosier Finance Company against Aaron Miller and Mont Campbell, in which the latter filed a cross-complaint against the plaintiff and his co-defendant. From a judgment for the cross-complainant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Luther Benson,* for appellant.

*J. M. Vandeveer* and *S. L. Vandeveer,* for appellees.

REMY, J.—This action was commenced by appellant against appellee Miller, on note and to foreclose chattel mortgage on an automobile, the mortgage having been given to secure payment of the note. Appellee Campbell, hereinafter referred to as appellee, was claiming a lien on the automobile, and, for that reason, was made a party defendant. Campbell answered by denial and, in a cross-complaint against appellant and appellee Miller, alleged that he was the keeper of a public garage, and that, with the knowledge and consent of cross-defendants, he had stored the automobile for a certain time, for which he was entitled to a lien for storage, as provided by the Act of March 10, 1915 (Acts 1915 p. 621, §§9844-9849 Burns 1926). To the cross-complaint appellant answered by denial. Miller filed no answer, either to the complaint or cross-complaint, and was defaulted.

Upon request of appellant, the facts were found specially, and the court's conclusions of law stated. There was judgment for appellant against Miller and for a foreclosure of the mortgage. It was also decreed that Campbell held a lien against the automobile, which was superior to the mortgage lien of appellant, and that the automobile be sold and proceeds applied: (1) To payment of costs; (2) to satisfy the lien of Campbell for storage; (3) to satisfy mortgage lien of appellant; and (4) remainder, if any, paid to Miller.

The only error assigned and properly presented is that the court erred in its conclusions of law.

The trial court found that the note and mortgage were duly executed, and the mortgage properly recorded; that the mortgage contained clauses giving the mortgagee the right to seize the automobile, if payment was not made when due, and that the mortgagee had the right to take possession of the automobile as its own property, if "levied on by execution from any court"; that in November, 1923, after note and mortgage were executed, Miller became indebted to appellee Campbell for repairs on the automobile, and in December, 1923, in a court of a justice of the peace, Campbell recovered a judgment for amount due for repairs; that a constable, to whom an execution issued on the judgment had been delivered, seized the automobile and placed it in a public garage owned by Campbell; that, prior to January 1, 1924, at the request of the mortgagee, Hoosier Finance Company, and with the consent of Campbell, the levy of the constable was abandoned; that upon the request of the Hoosier Finance Company to hold the automobile "until it could collect its mortgage note," Campbell continued to hold it and has ever since kept it in his garage; that on January 31, 1924, Campbell made, and caused to be duly filed and recorded, a formal notice of his intention to hold a lien on the automo-

bile for storage; that the reasonable value of the storage is $4 per month; and that the amount due for storage, including $25 attorney's fee, is $81.

Appellant contends that, under the facts found by the court, the title to the automobile was at all times in Miller, and since there is no finding that Miller gave his consent to, or that he had anything to do with, the storage of the automobile, no lien could have attached. But, under the facts as found, the title to the automobile was not at all times in Miller. The mortgage provided that if "levied on by execution from any court," appellant had the right to take possession of the automobile as its own property. The automobile was levied on by a constable to whom an execution was issued by a justice of the peace. Then, at the request of appellant, the levy was abandoned, and the automobile was held in storage by Campbell. Miller made no objection, and is making none now. Under the circumstances, as between appellant and Miller, appellant took possession of the automobile under its mortgage contract, and when Campbell, at appellant's request, took charge of the automobile and stored it for appellant, and gave notice as required by the statute, his lien for storage attached.

On the trial, the parties made the following stipulation: "It is further stipulated and agreed by and between the parties to this action, that, if the defendant and cross-complainant Mont Campbell recovers in this action, he shall recover the further sum of $25 as and for attorney's fees herein."

In rendering judgment for cross-complainant, the court, in accordance with the stipulation, included a fee of $25 for cross-complainant's attorney. Appellant makes the contention that the allowance of attorney's fees is without authority of law, and

that the action of the court is reversible error. We do not concur in that view. It is unnecessary to discuss the question as to whether or not the $25 for cross-complainant's attorney could have been included in the judgment in the absence of the stipulation. The parties had agreed that the court in rendering judgment should do exactly what it did, and are now in no position to complain. As was said by the Supreme Court, in *McMahan* v. *McMahan* (1895), 142 Ind. 110, 40 N. E. 661: "What a party expressly asks the court to do, when done, cannot be available as error, however erroneous such action may be, without a violation of the plainest principles of the law." See, also, *Indianapolis, etc., R. Co.* v. *Sands* (1892), 133 Ind. 433, 437, 32 N. E. 732; *Gullett* v. *Phillips* (1899), 153 Ind. 227, 54 N. E. 804; *Board, etc.,* v. *Scott* (1898), 19 Ind. App. 233, 237, 49 N. E. 395; *Weander* v. *Johnson* (1894), 42 Nebr. 117, 60 N. W. 353.

Affirmed.