SCOTT ET AL. *v.* PETERS.

[No. 12,958. Filed October 26, 1927. Rehearing denied February 1, 1928.]

*Scott &. Scott, George W. Julien, Clarence Cowger, George W. Kassabaum* and *L. D. Boyd,* for appellants.
*Pollard, Cartwright & Wason,* for appellee.

NICHOLS, J.—Action by appellants to set aside a judgment rendered in the Carroll Circuit Court, wherein said court entered an order adopting appellee, Marie Peters, as the child of one John W. Penn. Appellants' contention is that the judgment rendered by the Carroll Circuit Court is void for the reason that the court, in rendering said judgment, did not conform to the statute, in relation to said matter, said judgment providing that the name of the one adopted should not be the name of the adopting parent, but, because of the fact that she was a married woman, she should retain her original name. Appellants further contend that since appellee Marie Peters was a married woman, and over thirty years of age, the statute under consideration was not applicable to the case presented to said Carroll Circuit Court, and said court had no jurisdiction thereunder to determine whether she should or should not be adopted as the child of the said John W. Penn.

The first and second paragraphs of complaint were dismissed. It appears by the third paragraph of complaint that John W. Penn died February 20, 1924, intestate and the owner of real estate and personal property of the reasonable value of $9,000 leaving surviving him, as his only heirs at law, appellants, a niece

and grand niece. There is set out in the complaint the petition of John W. Penn, by him signed and verified, for the adoption of appellee, who at the time was thirty-two years of age, the petition stating that appellee's father was dead and that her mother consented to the adoption. Such petition was presented to the court and an order of adoption of appellee as the child and heir of decedent was entered, the same to take place from and after the date of the order. It was also ordered that, it appearing that appellee was a married woman with a husband living, she should retain her own name. It is further averred that such judgment and decree adopting appellee was contrary to the statute in relation to such matters, for the reason that it provided that she should retain her own name instead of taking the name of the adoptive parent, and that, because thereof, such judgment was void and ought to be set aside.

The fourth paragraph of complaint in its facts was similar to the third paragraph, but it was upon the theory that appellee, at the time of such adoption, was a married woman, that there was no statute of the State of Indiana authorizing the adoption of a married woman and that therefore such adoption was void.

Appellee answering such paragraphs of complaint admitted the facts substantially as averred therein, and averred the further facts that the husband of appellee was present in court consenting to the adoption, that appellee had been brought up in the home of said Penn from the time she was four years of age, and that he had promised to adopt her at that time, that she, at the time, with her husband, resided with him, performing all the duties of a child to him, and caring for him as a child would care for a parent when he was sick, and performing the ordinary duties of a child to its parent, and that this she continued to do until the time of his death. On these issues, the cause was submitted to the

court for trial and there was judgment for appellee.

Appellants' motion for new trial was overruled and this appeal followed.

It appears by the evidence as given by appellant Scott, speaking, as we assume, for both appellants, that they were not in any way in touch with the decedent, living as they did in another state, that they did not visit him, and that they did not attend his funeral though notified of his death.

Appellants' contention that the order of adoption was void for the reason that it provided that appellee should retain her own name instead of taking the name of the adoptive parent cannot prevail, as is apparent from a casual reading of the statute. §915 Burns 1926. It is not there provided that the child shall take the name of the adoptive parent, but the language of the statute is that, "it shall take the name in which it is adopted." Appellee was adopted in the name of Marie Peters and though, under the statute, it was not necessary that the order provide that she should retain that name, it did so provide and she retained the name under which she was adopted.

Nor can appellants' contention that an adult cannot be adopted prevail as appears by clear implication from §917 Burns 1926, where it is provided that, if the child is under twenty-one years of age, the court shall not order an adoption if it have a father or mother living unless such father or mother appears in open court and gives consent thereto, thus implying that such consent is not required if the child is past twenty-one years of age and that one beyond that age may be adopted.

In *Nickerson* v. *Hoover, Admr.* (1917), 70 Ind. App. 343, 362, 115 N. E. 588, the court quotes from *Markover* v. *Krauss* (1892), 132 Ind. 294, 31 N. E. 1017, as follows: "The statute, unlike the statutes of many of the states,

contains no provision fixing or limiting the age at which heirs may be adopted. We can see no reason why its provisions may not apply to adults equally with infants." And the court, then referring to §917, *supra,* says: "That such was the legislative view of our statute is indicated by the amendment of 1913 (Acts 1913 p. 408, §872 Burns 1914) whereby provision is made to the effect that if the child is under 21 years of age it may not be adopted without the consent of the father or mother thereto. Such language would seem to indicate that a child over the age of 21 years may be adopted."

The setting aside of an adoption is a chancery proceeding, *Brown* v. *Brown* (1885), 101 Ind. 340, and we fail to find any equities in favor of appellants. They are standing upon purely legal technicalities by which they hope to benefit by overthrowing the declared purpose of John W. Penn, that appellee should thereafter be his child and that, as such, she should inherit his estate. The relation between an adoptive parent and the child adopted is a reciprocal relation of the same nature as that between a natural parent and the child. Each has duties to perform in favor of the other. It is a fair inference that appellee performed her reciprocal duties, for she was present at the death of her foster father and notified appellants thereof, but they did not attend the funeral. John W. Penn himself could not have vacated the proceedings in adoption upon the grounds presented by appellants, for he had initiated those proceedings and had received just what he asked for, *Pugh* v. *Cox* (1924), 185 Wis. 33, 200 N. W. 687; 1 C. J. 1392, note 19; 1 R. C. L. 626, §38, also, p. 627, §38; 1 R. C. L. Supp. 222, §38; *Hoosier Finance Co.* v. *Campbell* (1927), 86 Ind. App. 62, 154 N. E. 28, 29, 155 N. E. 836.

In the first case cited, the court, on page 36, says: "The heirs of the adoptive parents have no better

standing in a court of equity to attack the adoption proceedings than their ancestors would have had." After citing authorities, the court further says: "While the order of adoption is void and probably is not efficient to vest the adopted child with any interest in the estate of the adoptive father, . . . a court of equity will not lend its assistance to those whose only interests in attacking the adoption proceedings, in the language of the California court, 'is to defeat the relations which the adoptive parents always recognized and never questioned, so that they may succeed to an estate from which, by the very fact of adoption, the adoptive parents intended they should be excluded in favor of the adopted child.' . . . He who implores the aid of a court of equity must come with a plea sounding in better morals and appealing more to conscience than does that of this petitioner."

Judgment affirmed.

Dausman, J., absent.